## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KENNETH ARMSTRONG and
GLORIA ARMSTRONG,

      Plaintiffs,

v.                                                         Case No: 8:21-cv-2648-CEH-SPF

U.S. BANK NATIONAL
ASSOCIATION,

      Defendant.
_____/

## O R D E R

This matter comes before the Court on Defendant U.S. Bank National Association's Motion to Dismiss Complaint, or Alternatively, For Abstention (Doc. 13), filed on December 13, 2021.  In the motion, Defendant seeks an order dismissing Plaintiffs' Complaint, or alternatively, requests this Court abstain from this proceeding, as U.S. Bank intends to move to vacate the underlying judgment in Ohio upon which Plaintiffs' claims are based and to seek a stay of enforcement of the domesticated judgment in Florida state court. Plaintiffs filed a response in opposition. Doc. 15.  The Court, having considered the motion and being fully advised in the premises, will **DENY** Defendant U.S. Bank National Association's motion.

## I.  BACKGROUND[1]

_____

[1] The following statement of facts is derived from the Complaint (Doc. 1), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v.*

Plaintiffs, Kenneth Armstrong and Gloria D. Armstrong ("Plaintiffs" or "the Armstrongs") initiated this Quiet Title action in November 2021 against Defendant, U.S. Bank National Association ("U.S. Bank" or "Defendant"). Doc. 1. In their one-count Complaint, Plaintiffs sue U.S. Bank to quiet title to real property owned by Plaintiffs. *Id.* Defendant claims a lien against the property adverse to Plaintiffs. *Id.* ¶ 10. Jurisdiction is predicated on diversity of citizenship. *Id.* ¶ 3.

Plaintiffs are the owners of real property located at 2012 Leon Avenue, Sarasota, Florida 34234 ("Property"). *Id.* ¶ 8. The Property was conveyed to Plaintiffs by Quit-Claim Deed on March 20, 2006, and subsequently recorded in the Official Records of Sarasota County, Florida on April 3, 2006. *Id.* ¶ 9.

On March 17, 2006, Plaintiffs obtained a loan of $140,000 from BNC Mortgage, Inc. in exchange for a promissory note ("Note") secured by a mortgage on the Property, which was signed and recorded on April 3, 2006. *Id.* ¶ 12. On December 29, 2008, U.S. Bank was assigned the Mortgage through an Assignment of Mortgage ("Assignment") and Corporate Assignment of Mortgage ("Corporate Assignment"), which were executed on December 29, 2008, and May 30, 2014, and recorded on January 9, 2009, and June 4, 2014, respectively. *Id.* ¶ 13. Plaintiffs allege the mortgage is unenforceable because of the expiration of the statute of limitations. *Id.* ¶ 14.

On August 13, 2020, the Hamilton County Court of Common Pleas entered a Final Judgment against U.S. Bank and in favor of Plaintiff, Kenneth Armstrong

---

*Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

("Ohio Judgment"). *Id.* ¶ 14. The court found that the Note had been accelerated on December 6, 2010, and that "[n]o monthly payments have been due on the loan since December 6, 2010." *Id.* The court concluded, as a matter of law, that the Note "is unenforceable as a result of the expiration of the statute of limitations." *Id.* Plaintiffs allege that the mortgage can no longer be foreclosed due to the Ohio Judgment in Kenneth Armstrong's favor.[2] *Id.* ¶ 14. Thus, the mortgage is a cloud on Plaintiffs' title to the Property. *Id.*

Defendant moves to dismiss the Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b).[3] Doc. 13. Alternatively, Defendant requests the Court abstain from this proceeding as Defendant intends to attack the underlying Ohio Judgment in that court. Defendant argues that the Complaint here is subject to dismissal because Plaintiffs failed to properly serve U.S. Bank in the Ohio action, and thus the Ohio Judgment relied upon is invalid. *Id.* at 3. Defendants further argue that in domesticating the Ohio Default Judgment in Florida, Plaintiffs again failed to properly serve U.S. Bank in the Sarasota, Florida state court action and instead mailed notices to an erroneous address in Cincinnati, Ohio. *Id.* Defendant intends to seek a stay of the enforcement of the domesticated judgment in Florida state court and a vacatur of the Ohio Default Judgment in that venue. Accordingly, it urges abstention is appropriate in these circumstances. *Id.* at 4.

---

[2] U.S. Bank challenges the validity of the judgement in the Ohio action and has moved to set aside the default judgment in that case. *See* Doc. 26-2.
[3] Defendant does not identify under which subsection of Rule 12(b) it seeks dismissal.

In response, Plaintiffs contend that the service of process to Defendant's usual place of business is proper and conforms to the Ohio Rules of Civil Procedure, and in turn, confers jurisdiction. Doc. 15 at 2–3. Plaintiffs submit that this Court must give full faith and credit to the Ohio Judgment and that any attack on the judgment as void due to lack of personal jurisdiction is premature. Plaintiffs further contend that the circumstances alleged in the Complaint do not present sufficient grounds to invoke the *Colorado River* abstention doctrine. *Id.*

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

## III.   DISCUSSION

As a preliminary matter, the Court observes that Defendant has brought this motion under Fed. R. Civ. P. 12(b), without identifying under which paragraph of the Rule it seeks dismissal. Although Defendant spends a good portion of its motion challenging the service of it in other litigation, Defendant has not identified whether it is seeking dismissal under Fed. R. Civ. P. 12(b)(5). And Defendant does not contend service is improper in this action. To the extent that Defendant is seeking dismissal under Rule 12(b)(5), for "insufficient service of process," Defendant fails to challenge service in this case and otherwise fails to identify legal authority to support that this rule may be invoked to argue dismissal of the current action due to faulty service in another action. As discussed below, Plaintiffs adequately allege a quiet title action and thus dismissal under Fed. R. Civ. P. 12(b)(6) is not supported. Defendant's collateral attack of the underlying Ohio Judgment goes beyond the four corners of the complaint and cannot support dismissal of Plaintiffs' Complaint at this stage of the proceedings.

### A.   Plaintiffs Allege a Quiet Title Action

Under Florida law, a quiet title action may be brought where "a person or corporation not the rightful owner of land has any conveyance or other evidence of title thereto, or asserts any claim . . . which may cast a cloud on the title of the real owner." Fla. Stat. § 65.061(4); *Wane v. Loan Corp.*, 552 F. App'x 908, 913 (11th Cir. 2014). A quiet title action is a lawsuit brought to clear a party's title to real property, ultimately eliminating any other claims to title. In order to state a claim to quiet title under Florida law, Plaintiffs must allege: (1) they have title to the property; (2) there

is a cloud on their title; and (3) the cloud, which is Defendant's claim—is invalid. *Sliptchuik v. ING Bank, FSB*, No. 6:13-cv-460-JA-GJK, 2013 WL 4596951, at *2 (M.D. Fla. Aug. 28, 2013) (citing *Stark v. Frayer*, 67 So.2d 237, 239 (Fla. 1953)). The Florida Supreme Court has clarified "that in a suit to quiet title against an alleged cloud the complaint must contain sufficient allegations to show a cause of action. Such a complaint must not only show title in the plaintiff to the lands in controversy, but also that a cloud exists, before relief can be given against it. Not only must the matter which constitutes the alleged cloud be shown, but facts must be alleged which give the claim apparent validity as well as those which show its invalidity." *Stark*, 67 So.2d at 239.

Here, Plaintiffs have alleged sufficient facts to state a quiet title action. First, Plaintiffs allege they hold title and are the owners of real property located in Sarasota Florida. Doc. 1 ¶¶ 8, 9. Plaintiffs further allege a cloud on their title exists due to Defendant bank's claim of a lien against their real property pursuant to a mortgage. *Id.* ¶¶ 10, 15. Finally, Plaintiffs allege that Defendant's claim to the property is invalid because the mortgage securing the property, which Defendant acquired through assignment, is no longer enforceable due to the Ohio Judgment. *Id.* ¶¶ 11–14.

In its motion to dismiss, Defendant argues that the Ohio Judgment is void because Defendant was not properly served in that action. Specifically, Defendant argues that had it been properly served it would have raised in the Ohio action the 2013 mortgage modification and subsequent 2014 foreclosure complaint, neither of

which Plaintiffs mentioned to the Ohio court.[4] Defendant further argues that due to the improper service of Defendant, Plaintiffs improperly obtained a default judgment against Defendant in the Ohio action, resulting in the alleged invalid Ohio Judgment.

Defendant attaches numerous documents to its motion that it argues demonstrate the Ohio Judgment, upon which Plaintiffs' claim relies, is invalid, and therefore this action should be dismissed. "[A] court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *see Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]hen the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.") "A document is central to a complaint when it is a 'necessary part of [the plaintiff's] effort to make out a claim." *Madura v. Bank of Am., N.A.*, 767 F. App'x 868, 870 (11th Cir. 2019) (per curiam) (alteration in original) (quoting *Day*, 400 F.3d at 1276). "In this context, 'undisputed' means the authenticity

---

[4] In Plaintiffs' Ohio declaratory judgment complaint that Defendant attaches to its motion, Plaintiffs do allege a foreclosure action was filed by Defendant against Plaintiffs in Sarasota County State court in August 2014. Doc. 13-4 ¶ 15. According to the declaratory judgment complaint, the Armstrongs prevailed in the non-jury trial of the foreclosure action. *Id.* ¶ 16. The declaratory judgment complaint does not appear to mention the 2013 mortgage modification. *See* Doc. 13-4.

of the document is not challenged." *Day*, 400 F.3d at 1276. Additionally, under Rule 201(b) of the Federal Rules of Evidence, judicial notice of an adjudicative fact is appropriate when such fact (1) is generally known within the court's territorial jurisdiction; or (2) is capable of being accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The Eleventh Circuit has cautioned that "the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997).

Although bound by the four corners of the complaint in determining a motion to dismiss, the Court may nevertheless consider documents outside the complaint if the documents are central to the complaint and their authenticity is undisputed. Defendant attaches the following exhibits to its motion: (1) a copy of the recorded 2010 Mortgage; (2) a copy of the recorded 2013 Modification; (3) case docket of *U.S. Bank, N.A. v. Armstrong*, Fla 12th Cir. Ct. Case No. 2014-CA-004522-NC; (4) Plaintiffs' Ohio Complaint; (5) U.S. Bank's registered agent information (Ohio); (6) Plaintiffs' motion for default in the Ohio action; (7) case docket of *Armstrong v. U.S. Bank, Nat'l Ass'n*, Fla 12th Cir. Ct. Case No. 2021-CC-003229-NC; (8) Plaintiffs' Final Judgment; and (9) U.S. Bank's registered agent information (Florida). Doc. 13-1–13-9. Defendant requests the Court take judicial notice of the public records and court records it attaches to its motion. *See* Doc. 13 at 2 n.1.

A court may take judicial notice of "public records within its files relating to the particular case before it or other related cases." *Cash Inn of Dade, Inc. v. Metro. Dade*

*Cty.*, 938 F.2d 1239, 1243 (11th Cir. 1991). Additionally, the Court may take judicial notice of documents filed in another court, not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). The "case dockets" Defendant attaches as exhibits (Docs. 13-3, 13-7) do not appear to be in dispute and their accuracy can be readily ascertained. The Court will take judicial notice of those filings. Similarly, the pleadings filed in the Ohio and Sarasota court litigation, including Plaintiffs' complaint (Doc. 13-4), motion for default (Doc. 13-6), and final judgment (Doc. 13-8) will be judicially noticed for the fact that the documents were filed in those case, but not as to the truth of the matter contained within those pleadings. The documents Defendant attaches regarding its registered agent information is not authenticated, and the propriety of service is in dispute. As such, the Court will not take judicial notice of those exhibits (Docs. 13-5, 13-9).

Regarding the 2013 mortgage modification, Plaintiff has not raised the modification in its pleadings or in the Ohio action. Thus, it appears that the modification, as it pertains to the issues raised here, is disputed. Given that the exhibit filed is not authenticated and appears disputed, the Court, at this time, will not take judicial notice of the 2013 mortgage modification attached as exhibit 2 (Doc. 13-2). Regarding the 2010 mortgage, the Plaintiffs allege in their complaint that the Note had been accelerated on December 6, 2010, and that the Ohio court found "[n]o monthly payments have been due on the loan since December 6, 2010." Plaintiffs do not attach the 2010 mortgage to their complaint, nor is the copy attached to Defendant's motion

authenticated. The Court will not judicially notice the 2010 mortgage (Doc. 13-1) on this motion.

The issues raised by the motion to dismiss and its attached documents are a collateral attack on the underlying Ohio Judgment. Such matters are not appropriate on a motion to dismiss where the Court must accept Plaintiffs' well-pleaded allegations as true. In response to the motion to dismiss, Plaintiffs dispute that service in the underlying action was faulty and argue that this Court must give full faith and credit to the Ohio Judgment. Plaintiffs contend any challenge to the Ohio Judgment is premature and improper on the instant motion.

Because Plaintiffs have sufficiently pleaded facts to state a quiet title action and because the arguments raised by U.S. Bank attacking the validity of the underlying Ohio Judgment go beyond the four corners of the Complaint, the motion to dismiss is due to be denied.

### B. *Colorado River* Abstention Not Warranted

Defendant alternatively argues the Court should abstain from hearing Plaintiffs' claims because it intends to move to vacate the Ohio Judgment. Defendant has now done so. *See* Doc. 26-2. Defendant contends that the six factors outlined in *Colorado River*, *supra*, are present in this current action and support abstention. Plaintiff argues that abstention is not appropriate in this case because no parallel proceedings exist. Even though Defendant is seeking to reopen the Ohio action, the action has not been re-opened and parallel proceedings do not exist. Abstention is not warranted.

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976) (quoting *McClellan v. Carlan*, 217 U.S. 268, 282 (1910)). Federal courts, however, should avoid duplicative litigation. *Id.* "[T]he circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention. The former circumstances, though exceptional, do nevertheless exist." *Id.*

When considering whether to dismiss an action in favor of a parallel state action, the district court should consider certain factors: 1) whether either the state or federal court has assumed jurisdiction over a res; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which the forums obtained jurisdiction; 5) whether federal law or state law controls; and 6) whether the state forum will adequately protect the interests of the parties. *Harder v. Rafferty*, 709 F. Supp. 1111, 1115 (M.D. Fla. 1989) (citing *Colorado River*, 424 U.S. at 813). The Court may also consider the relative progress of the state and federal proceedings and the presence or absence of concurrent jurisdiction. *Id.*

"'As a threshold matter,' a federal court may abstain under the *Colorado River* doctrine only if there is a parallel state action, which is one involving 'substantially the same parties and substantially the same issues.'" *Jackson-Platts v. General Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013) (quoting *Ambrosia Coal & Constr. Co. v. Pagés*

11

*Morales*, 368 F.3d 1320, 1331 (11th Cir. 2004)). Plaintiffs contend that the prerequisite for the application of *Colorado River* abstention has not been met, because the other three proceedings are closed due to dismissal or final judgment and involve different issues and distinct claims. Defendant counters that the litigation is pending in three separate courts and does not serve the interests of justice or judicial economy to continue in this action. However, as evident from the record, the proceedings are not parallel. Although Defendant is seeking to re-open the Ohio and Sarasota state court proceedings, those actions have not yet been re-opened.[5] And even if they ultimately are re-opened, the claims raised in the other actions (mortgage foreclosure, acceleration of promissory note, and recording) are not the same as a quiet title action, although a judgment in one of those actions may serve as the basis for a quiet title action. Thus, there is not the danger of duplicative litigation or waste of judicial resources. U.S. Bank has not made a sufficient showing that the proceedings are parallel to support consideration of abstention. Because the threshold requirement of a parallel action is not satisfied, the Court need not consider the six-factor balancing test.

Accordingly, it is

**ORDERED**:

---

[5] Defendant filed evidence of moving to set aside the default judgment in the Ohio action. Doc. 26-2. According to Defendant, that motion has not been ruled on. Defendant has not provided evidence that it moved to re-open the Sarasota action.

1.     Defendant's U.S. Bank National Association's Motion to Dismiss Complaint, or Alternatively, For Abstention (Doc. 13) is **DENIED**.

2.     Defendant U.S. Bank National Association is directed to file its answer to Plaintiffs' Complaint within 14 days.

3.     The Court takes judicial notice of the related case dockets (Docs. 13-3, 13-7) and the pleadings filed in those cases (Docs. 13-4, 13-6, 13-8) that Defendant attaches to its motion as exhibits.

**DONE AND ORDERED** in Tampa, Florida on April 18, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties