UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH ARMSTRONG and
GLORIA ARMSTRONG,

    Plaintiffs,

v.                                Case No: 8:21-cv-2648-CEH-SPF

U.S. BANK NATIONAL
ASSOCIATION,

    Defendant.
_____

**ORDER**

This matter is before the Court *sua sponte*. Currently pending are the parties' cross motions for summary judgment. Docs. 31, 34. In their motion for summary judgment, Plaintiffs rely on a Final Judgment obtained by Plaintiff, Kenneth Armstrong, in an Ohio state court. Plaintiffs request this Court, in deciding the issues before it, give full faith and credit to the Ohio Final Judgment. Because there is currently pending an appeal related to Defendant's efforts to vacate that Final Judgment, for purposes of judicial efficiency and economy, the Court will stay this action pending the outcome of the appeal of the Ohio Final Judgment.

**DISCUSSION**

This is a quiet title action in which Plaintiffs, Gloria and Kenneth Armstrong ("the Armstrongs"), seek to quiet title in the real property located at 2012 Leon Avenue, Sarasota, Florida, which is the Armstrongs' primary residence. Defendant,

U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Loan Trust 2006-BC1, and for the Structured Asset Investment Loan Trust 2006-3 (U.S. Bank), claims a lien against the Armstrongs' residential property, which is adverse to the Plaintiffs. The parties have filed cross motions for summary judgment. Docs. 31, 34. In support of their motion for summary judgment, the Armstrongs request this Court give full faith and credit to a Final Judgment (Doc. 31-2 at 31) obtained by Kenneth Armstrong in a declaratory judgment action filed in the Hamilton County (Ohio) Court of Common Pleas, Civil Division. That Court found the March 17, 2006, promissory note that secured the Mortgage on the Armstrongs' property was unenforceable as a result of the expiration of the Ohio 6-year statute of limitations. U.S. Bank argues several reasons why this Court should not give full faith and credit to the Ohio Final Judgment, including that it is not a final decision because it is being appealed, that the issue of the 2013 Loan Modification was never litigated in the Ohio action, and that it is contrary to Florida's statute of limitations law.

U.S. Bank moved to vacate the final default judgment entered against it in the Ohio state court action, and its motion was denied. *See* Doc. 46-1. U.S. Bank has appealed that order. Doc. 47.

The Court recognizes that, under Ohio law, "a default judgment carries the weight of a final decision on the merits that may serve to bar later claims" and that the "conclusive character of a default judgment—like any other final judgment—is not changed by a litigant's pursuit of its appellate rights." *In re Henkel*, 490 B.R. 759, 771

(Bankr. S.D. Ohio 2013). However, it is also "well established that when a judgment has been vacated, reversed, or set aside on appeal, it is thereby deprived of all conclusive effect, both as *res judicata* and as collateral estoppel." *Id.* (citations omitted).

Review of the Ohio appellate docket reveals that the matter is fully briefed, and oral argument was held on March 6, 2023. Because the result of that appeal may impact the proceedings here[1] and the appeal is far enough advanced that a stay of this action should not be lengthy, the Court exercises its discretion to stay this action for purposes of judicial economy and efficiency. *See*, *e.g.*, *Clinton v. Jones*, 520 U.S. 681 (1997) (discussing district court's "broad discretion to stay proceedings as an incident to its power to control its own docket"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, (1996) (noting that abstention principles may require district court to stay case pending resolution of related proceedings).

Accordingly, it is hereby

**ORDERED:**

1.   This action is **STAYED** until mandate issues in the appeal in *Kenneth Armstrong v. U.S. Bank National Association,* Appeal Case No.: C-220384, in the First District Court of Appeals, Hamilton County, Ohio.

2.   The Clerk is directed to terminate all motions and deadlines and **ADMINISTRATIVELY CLOSE** this case.

---

[1] By staying this action, the Court is not deciding, one way or another, whether the Ohio Final Judgment is entitled to preclusive effect in this action.


3.  Within **TEN (10) DAYS** of the First District Court of Appeals for Hamilton County, Ohio's resolution of the appeal, the parties shall file a notice advising the Court of the resolution and joint motion requesting this case be re-opened and the stay be lifted.

**DONE** and **ORDERED** in Tampa, Florida on March 7, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties