## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KENNETH ARMSTRONG, and
GLORIA D. ARMSTRONG,

     Plaintiffs,                     **CASE NO. 8:21-CV-2648**

v.

U.S. BANK, N.A., *et al.*,

     Defendant.

_____/

### DEFENDANT U.S. BANK, NATIONAL ASSOCIATION'S
### SUPPLEMENTAL BRIEF IN SUPPORT OF SUMMARY JUDGMENT

Defendant, U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE LOAN TRUST 2006-BC1, AND FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST 2006-3 ("U.S. Bank") hereby files its supplemental brief in support of its Motion for Summary Judgment [DE 34]. In support thereof, U.S. Bank states as follows:

### INTRODUCTION

The opinion rendered by the Ohio Appellate Court is not dispositive of the mortgage lien and quiet title issues pending before this Court and this Court is not required to extend full faith and credit to the Ohio Default Judgment for several reasons. Firstly, the Ohio Appellate Opinion and the

Ohio Default Judgment do not substantively address the parties' Mortgage or 2013 Modification whatsoever.[1] Indeed, the Ohio Appellate Opinion and the Ohio Default Judgment are silent as to whether U.S. Bank's 2013 modified mortgage lien is valid and enforceable under Florida Law. Rather, the Ohio Appellate Opinion only provides that there was not sufficient evidence of fraud upon the court to warrant vacatur of the Ohio Default Judgment for Plaintiffs' failure to meaningfully disclose the 2013 Loan Modification. Plaintiffs' quiet title complaint improperly asks this Court to expand the Ohio ruling regarding the *original* promissory note to apply to other agreements, modified mortgage lien amounts, and extended interests that were not considered by the Ohio court at any time.  Secondly, a longstanding exception to the Full Faith and Credit Clause applies here because the Ohio Default Judgment contradicts Florida statutes and settled Florida law regarding both Florida's statutes of limitations and repose, and the enforceability of mortgage liens.

## MEMORANDUM OF LAW

### A.    The Full Faith and Credit Clause Does Not Apply.

---

[1] Despite it being the crux of U.S. Bank's arguments and defenses in this action [DE 30], Plaintiffs have continually failed to discuss or disclose the 2013 Loan Modification in their Complaint [DE 01], or their Motion for Summary Judgment [DE 31]. U.S. Bank does not abandon its position that Plaintiffs have circumvented the fact that the 2013 Modification resulted in new debt, new mortgage lien of record, and a new loan maturity date [DE 48].

The Full Faith and Credit Clause does not permit expanding the scope of the relief in the judgment to an inquiry that was not litigated in the prior court. A judgment is entitled to full faith and credit when the second court's inquiry discloses that those questions have **fully and fairly litigated** and finally decided in the court which rendered the original judgment. *Durfee v. Duke*, 375 U.S. 106, 111 (1963) (emphasis supplied).

The opinion rendered by the Ohio Appellate Court does not have a dispositive effect on the issues pending before this Court. While the Ohio Appellate Opinion does briefly speak to the 2013 Loan Modification, it only provides that Plaintiffs' failure to disclose the 2013 Loan Modification did not amount to "clear and convincing evidence of fraud upon the court." *See* Ohio Appellate Op. at ¶¶ 28–30. The Ohio Default Judgment did not address the 2013 Loan Modification[2], the 2006 Mortgage, the modified increased amounts due on the modified loan, or the outstanding unreimbursed escrow advances due and owing from Plaintiffs. *See* DE 34-24–28.

Simply put, Plaintiffs impermissibly ask this Court to expand the scope of the Ohio Default Judgment far beyond the original promissory note issues

---

[2] As previously argued, the 2013 Loan Modification created *new* debt obligations, *new* terms, and resulted in a *new* increased mortgage lien for a larger debt against the Subject Property than the 2006 Note and 2006 Mortgage, the 2013 Loan Modification was re-recorded to pay the documentary stamp taxes and intangible taxes associated with the *new* debt and lien. DE 34-13, at p. 1 (stating, "RE-RECORDING TO PAY TAXES IN THE AMOUNT OF $203.95").

raised in the Ohio Complaint to invalidate U.S. Bank's valid 2006 Mortgage as amended by the 2013 Loan Modification, along with the advanced escrow amounts which have not been reimbursed to date. The Full Faith and Credit Clause does not apply to such disputes because they were not litigated in (or even disclosed to) the Ohio court for consideration. Accordingly, the Ohio Appellate Opinion does not have a dispositive effect in this case and the Ohio Default Judgment is not entitled to full faith and credit.

**B.    An Exception to the Full Faith and Credit Clause Applies Because the Ohio Default Judgment Contradicts Florida Statutes and Law.**

Even assuming, *arguendo*, that Full Faith and Credit Clause applies to the relief sought by Plaintiffs – it does not – a longstanding exception to the Full Faith and Credit Clause applies because the relief sought contradicts Florida statutes and laws. There is no authority that "lends support to the view that the full faith and credit clause compels the courts of one state to subordinate to the local policy of that state . . . to the statutes of any other state*." Williams v. N.C.*, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942). "[I]n the case of statutes 'the full faith and credit clause does not require one state to substitute for its own statute, applicable to persons and events within it, the conflicting statute of another state, even though that statute is of controlling force in the courts of the state of its enactment with respect to the same persons and events.' " *Williams*, 317 U.S. 287, 296, 63 S.Ct. 207, 87 L.Ed. 279 (1942)

(quoting *Pac. Employers Ins. Co. v. Indus. Accident Comm'n*, 306 U.S. 493, 502, 59 S.Ct. 629, 83 L.Ed. 940 (1939).

Here, the parties agreed the Subject Loan was governed by Florida law, where the Subject Property is located. DE 34-5, at p. 12 at ¶ 16. This also governs the parties' 2013 Loan Modification, which incorporated certain surviving terms of the 2006 Note and 2006 Mortgage.  DE 34-13, at p. 5, § 4(E).

### i.    Florida's Statute of Limitations Still Applies.

Under Florida law, Florida's statute of limitations to enforce a mortgage agreement expires five years from the date of maturation. Fla. Stat. §95.11(2)(c); *see Hayes v. Reverse Mortg. Sols., Inc.*, 260 So. 3d 391, 395 (Fla. 3d DCA 2018) (holding five-year statute of limitations for actions other than recovery of real property accrued on date mortgage note matured in foreclosure action brought against mortgagor).  As to each individual missed payment, the "statute of limitations runs from the date of each new default providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and mortgage." *Bartram v. U.S. Bank Nat'l Ass'n*, 211 So. 3d 1009, 1019 (Fla. 2016); *see Lacroix v. Deutsche Bank Nat. Trust Co.*, No. 14–CV–431, 2014 WL 7005029, at *2 (M.D. Fla. Dec. 10, 2014) ("Regardless of whether the statute of limitations bars individual defaulted payments that are more than five years old, the mortgage and note remain valid and enforceable."). Here, the terms of the parties' 2013 Loan Modification modified

and extended the loan maturity date to April 1, 2040. *See* DE 34-13, p.3 at §
3A. This means that each missed payment from now to 2040 is its own, unique
default, and U.S. Bank can seek to enforce the parties' loan, as modified,
through April 2045.

Utilizing the Ohio Default Judgment regarding the 2006 promissory note
to invalidate U.S. Bank's valid mortgage lien interest in the Subject Property
and quiet title would squarely contradict applicable Florida law regarding
enforceability of mortgages encumbering Florida real property, and the parties
expressly agreed the security instrument would be governed by Florida laws,
where the property is located. DE 34-4, at ¶ 16. Accordingly, the Ohio Appellate
Opinion is not dispositive of this issue of the mortgage lien, and the Full Faith
and Credit Clause does not apply to the Ohio Default Judgment in this action.

### ii.    **Florida's Statute of Repose Still Applies.**

Even if the statute of limitations has run on an action to enforce a
promissory note and foreclose on a mortgage, the lien against the property
remains valid **until five years after the maturity date of the debt
secured by the mortgage**. *See* Fla. Stat. § 95.281 (emphasis supplied); s*ee
also Deutsche Bank Tr. Co. v. Ams. v. Beauvais*, 188 So. 3d 938, 953 (Fla. 3d
DCA 2016) (holding that the trial court erred in declaring the mortgage null
and void and quieting title to the property as the mortgage lien remained valid
until the expiration of the statute of repose); *Rodriguez v. Bank of Am., N.A.*,

49 F.Supp.3d 1154, 1158–59 (S.D. Fla. 2014) (because the statute of repose had not expired, the mortgage lien remained a valid, enforceable cloud on mortgagor's title, precluding a quiet title action).

Pursuant to Fla. Stat. § 95.281, U.S. Bank's mortgage lien interest expires as a matter of law five years thereafter on April 1, 2045. "The limitations period provided in section 95.11(2)(c) **does not affect the life of the lien** or extinguish the debt; it merely precludes an action to collect the debt after five years. Section 95.281(1)(b), conversely, **establishes an ultimate date when the lien of the mortgage terminates** and is no longer enforceable." *See Houck Corp. v. New River, Ltd., Pasco,* 900 So.2d 601, 603 (Fla. 2d DCA 2005) (emphases supplied). Accordingly, U.S. Bank's mortgage lien interest in the Subject Property, as modified by agreement, remains valid and enforceable through April 1, 2045.

In sum, the Ohio Default Judgment, and the Ohio appellate opinion, have no legal effect on the summary judgment motions pending in this instant action because the mortgage lien and modification agreement were not the subject of that litigation.  Moreover, extending the Ohio rulings to apply to the Mortgage and 2013 Loan Modification would impermissibly run afoul of Florida's statute of limitations and Florida's statute of repose.

Dated this 25th day of May, 2023.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
*Counsel for Defendant U.S. Bank, N.A.*
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, Florida 33394
P: 954-764-7060 | F: 954-761-8135

By:   */s/ Rebecca A. Rodriguez*
   **Rebecca A. Rodriguez, Esq.**
   Florida Bar No. 104805
   Rebecca.Rodriguez@nelsonmullins.com

## CERTIFICATE OF SERVICE

I CERTIFY that on May 25th, 2023, a true and correct copy of the foregoing was served upon all counsel in the below listed service list in the manner set forth below.

By:   */s/ Rebecca A. Rodriguez*
   **Rebecca A. Rodriguez, Esq.**
   Florida Bar No. 104805
   Rebecca.Rodriguez@nelsonmullins.com

## SERVICE LIST

**JASON P. RAMOS, PLLC**
*Counsel for Plaintiffs Kenneth Armstrong & Gloria D. Armstrong*
E-Service:   Jason@Jason.law
*\*Via CM/ECF*