IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH ARMSTRONG and
GLORIA D. ARMSTRONG,                    Case No. 8:21-cv-2648

        Plaintiffs,

vs.                                     Re:    Diversity of Jurisdiction;
                                               Quiet Title

U.S. BANK NATIONAL
ASSOCIATION,

        Defendant.
_____/

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW
PURSUANT TO ORDER**

Plaintiffs, KENNETH ARMSTRONG and GLORIA ARMSTRONG, by counsel, hereby file this Supplemental Memorandum of Law Pursuant to Order, and in support thereof STATE:

**I. PRELIMINARY STATEMENT**

The Court has asked for the parties to brief the impact, if any, of the Opinion of the Court of Appeals of Ohio, First District, in the case of *Armstrong v. U.S. Bank Nat'l Assoc., et al.*, 2023-Ohio-1203 (Ohio Ct. App. 2023) on the issues presented for adjudication to this Court.[1] (Doc No. 54.) Those issues are found

---

[1] USBank's "Supplemental Brief in Support of Summary Judgment" (Doc. No. 55) raises for the first time an argument that it had not raised in either its motion for summary judgment or in its memorandum in opposition to the Armstrongs' motion for summary judgment, to wit: the application of Florida's statute of repose. Therefore, the Court should deem that argument waived or forfeited. See *Luar Music Corp v. Universal Music Grp., Inc.*, No. 09-2263(DRD), 2012 WL 12549571, at n. 3 (D.P.R. July 2, 2012) ("Plaintiff's argument was not raised in its original motion for summary judgment and is therefore waived as a consequence"); and *Transamerica Leasing, Inc. v. Institute of London Underwriters*, 267 F.3d 1303, 1308 n. 1 (11th Cir. 2001) (arguments not raised in response to a summary judgment motion are waived for purposes of appeal).

in the pleadings and pending, competing motions for summary judgment. In essence, the effect of that Opinion is that the Hamilton County, Ohio Court of Common Pleas' August 13, 2020 Final Judgment against USBank and in favor of Kenneth Armstrong (the "Ohio Judgment") is now firm, final, and unappealable. And by being firm, final and unappealable it is entitled to Full Faith and Credit by this Court, and the underlying decision of that Court to apply Ohio's law on the statute of limitations on promissory notes is not subject to collateral attack.

## II. DISCUSSION AND APPLICABLE LAW

Given that the Ohio Judgment is now firm, final and unappealable, the Court is called upon to enforce it by means of quieting title. As previously argued, the Full Faith and Credit Act requires that a federal court give preclusive effect to a state court judgment to the same extent as would courts of the state in which the judgment was entered. 28 U.S.C.A. § 1738 (West). To do that "a federal court must look to the law of the rendering state to determine whether and to what extent that prior judgment should receive preclusive effect in a federal action." *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

Concurrent with the application of the Full Faith and Credit Clause, the Ohio Judgment estops USBank from litigating the issue of what statute of limitations or any other statute could apply to the promissory note. Notwithstanding the finality of the Ohio Judgment and its imperviousness to collateral attack, US-Bank would have this Court believe that the statute of limitations on the promissory note is governed not by Ohio law but by Florida law. That train left the

station a long time ago. By the entry of the Ohio Judgment, the dispute was settled in favor of the application of the Ohio statute of limitations *as a matter of law*. If USBank wanted to challenge that, it had to do so in the proceedings before the Ohio trial court.

It is also important to point out that contrary to the mortgage in this case, the promissory note executed by Mr. Armstrong *says nothing* about what law governs it.[2] That means that it was left to the Ohio Court to decide, and decide it did, in favor of the application of Ohio law. Let us see how.

Looking at the law of the rendering state, i.e., Ohio, the statute of limitations for a claim on a promissory note is governed by Section 1303.16(A) of the Ohio Revised Code. The statute of limitations is six years and begins to run from ac-celeration of the note. Under Ohio law, while a note is accelerated there are no payments due, and a dismissal does not have the effect of "decelerating" the loan.

As stated by the Ohio Supreme Court,

> There is a distinction between an action for recovery of installment payments un-der an installment note where the entire principal is accelerated, and an action to recover for nonpayment under an installment note where only the amount of the principal to date, and no future amount, is sought. The general rule that each missed payment in an installment loan gives rise to a separate cause of action does not hold true when there is an acceleration clause in the loan agreement....
>
> \* \* \*
>
> By agreeing to an acceleration clause, the parties in this case have avoided the operation of the general rule that nonpayment on an installment loan does not constitute a breach of the entire contract. In a contract with an acceleration clause, a breach constitutes a breach of the entire contract. Once Gullotta de-faulted and U.S. Bank invoked the acceleration clause of the note, the contract became indivisible. The obligations to pay each installment merged into one obli-gation to pay the entire balance on the note.

---

[2] USBank holds the position that both the promissory note and the mortgage (what it loosely lumps together as "the Subject Loan") are governed *exclusively* by Florida law. Yet it presents no argument or explanation as to *how* the promissory note is so governed by Florida law. The parties only agreed that the mortgage was to be governed by Florida law.

*U.S. National Bank v. Gullotta,* 120 Ohio St. 3d 399, 404-405.

It has long been the law in the United States that the law of the place of performance of a contract governs what law to apply. See *Seeman v. Philadelphia Warehouse Co.,* 274 U.S. 403 (1927). The Florida Supreme Court has adopted said standard in determining what law applies to notes payable out of state that are secured by mortgages in the state of Florida. See *Morgan Walton Properties, Inc. v. Intern. City Bank & Trust, Co.,* 404 So. 2d 1059 (Fla. 1981). This same principal has long been the law in Ohio that, "a contract made in one state or country that it is to be performed in another, the presumption is that it was entered into with reference to the laws of the latter, and those laws determine its validity, obligation, and effect." *Pittsburgh, Cincinnati, Chicago & St. Luo is Railway Co. v. Sheppard* 56 Ohio St. 68 (1897). Consistently, this principle applies to promissory notes. See *Montana Coal & Coke, Co. v. Cincinnati Coal & Coke Co.* 69 Ohio St. 351 (1904); *Meekison v. Groschner,* 153 Ohio St. 301 (1950).

But even if this Court where to somehow find that the Ohio Judgment was contrary to Florida's statute of limitations law, that should not give the Court carte blanche to refuse to enforce the Ohio Judgment and its constitutional entitlement to Full Faith and Credit. Moreover, there is no basis for saying that the Ohio Judgment contradicts Florida law, when Florida law on the subject of the statute of limitations applicable to promissory notes was found not to apply.

In the Florida Supreme Court case of *Ledoux-Nottingham v. Downs,* 210 So. 3d 1217 (Fla. 2017), a mother filed an action to register a Colorado final

judgment dissolving her marriage and requested that grandparents' visitation privileges procured in Colorado be terminated. The trial court entered judgment finding the Colorado visitation order enforceable notwithstanding. The Supreme Court held that the Colorado order awarding the grandparents child visitation was subject to the commands of the Full Faith and Credit Clause; and was entitled to enforcement under the Full Faith and Credit Clause. This the Supreme Court held, *even though entry of a similar judgment by a Florida court under the same circumstances would be prohibited by the Florida Constitution*. *Id.* at 1222. The state could not elevate its own public policy over the policy behind a sister state's judgment and thereby disregard the command of the Full Faith and Credit Clause. *Id.*

In light of this, the question presented here is not whether the promissory note is enforceable under Florida law, but whether Florida is required to enforce the Ohio Judgment despite the fact that entry of a similar judgment by a Florida court under the same circumstances could have resulted in a different outcome, and the answer is yes. Cf. *Ledoux-Nottingham*, 210 So. 3d at 1223.

### III.   CONCLUSION

For all the foregoing reasons, plaintiffs KENNETH ARMSTRONG and GLORIA ARMSTRONG respectfully reiterate their request for summary judgment to quiet title, with such other and further relief as the Court may deem proper.

Dated May 25, 2023.         RESPECTFULLY SUBMITTED,

/s/JASON P. RAMOS (trial counsel)
Fla. Bar No. 70388
**LAW OFFICES OF JASON P RAMOS PLLC**
306 N Rhodes Avenue, Suite 109
Sarasota, Florida 34237
Tel. (941) 876-5454
E-mail: jason@jason.law

- 7 -

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on May 25, 2023, I electronically filed the foregoing writing with the Clerk of the Court using CM/ECF. I also certify that the foregoing writing is being served this day on all counsel of record, including Rebecca Rodriguez, Esq., 100 S.E. 3rd Avenue, Suite 2700, Fort Lauderdale, Florida 33394 (Rebecca.rodriquez@nelsonmullins.com) via transmission of Notice of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive, electronically, Notices of Electronic Filing.

                           /s/JASON P. RAMOS (Trial Counsel)
                           Fla. Bar No. 70388