IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH ARMSTRONG and
GLORIA D. ARMSTRONG,   Case No. 8:21-cv-2648

      Plaintiffs,

vs.   Re:   Diversity of Jurisdiction;
          Quiet Title

U.S. BANK NATIONAL
ASSOCIATION,

      Defendant.
_____/

**PLAINTIFFS' MOTION TO TAKE JUDICIAL NOTICE OF COURT RECORD**

Plaintiffs KENNETH ARMSTRONG and GLORIA ARMSTRONG ask the Court to take judicial notice of a state court record, as authorized by Federal Rule of Evidence 201.

**A. Preliminary Statement**

1. Plaintiffs are Kenneth Armstrong and his wife, Gloria Armstrong. Defendant is U.S. Bank, National Association.

2. In the present quiet title action, the Armstrongs seek to remove the cloud that hangs on the title to their residential home because of a mortgage encumbering their property and presently assigned to USBank. As alleged in the Complaint, that mortgage is no longer enforceable because of an Ohio State court Final Judgment rendered in the case of *Armstrong v. U.S. Bank National Association*, Case No. A 1904882 (hereinafter, the "Judgment"). The Judgment concludes as a matter of law that the promissory note (which the mortgage

secured) was no longer enforceable by dint of the expiration of the statute of limitations.

3. The Armstrongs asks the Court to take judicial notice of the following certified copies of recent, appellate filings in the Court of Appeals, First Appellate District Court of Ohio, Hamilton County, Ohio case of *Armstrong v. U.S. Bank National Association,* Case No. C-220384:[1]

| Exhibit | Filing Date | Document Description |
|---|---|---|
| 1 | 04/12/2023 | Judgment Entry |
| 2 | 04/12/2023 | Opinion |

### B. Discussion and Applicable Law

4. The Judgment Entry and Opinion can be accurately and readily determined by simply visiting the official website of and maintained by the Hamilton County, Ohio Clerk of Court at https://www.courtclerk.org/records-search/name/. The court records maintained by the Hamilton County, Ohio Clerk of Court are of the kind whose accuracy cannot reasonably be questioned, since they are maintained in accordance with law by a government officer and are generally not subject to alteration or change.

5. A district court may take judicial notice of another court's records to establish the fact of such litigation and related filings. *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994). "Judicial notice of court records is ordinarily confined to determining what happened in the course of a proceeding...." *Kerruish v. Essex Holdings, Inc.,* 777 F. App'x 285, 293 (11th Cir. 2019). More

---

[1] Related thereto, by Request filed on August 25, 2022, defendant U.S. Bank asked the Court to take judicial notice of the pendency of that very same appeal in Ohio. (Document 47.)

generally, the court can take judicial notice of facts that are not subject to reasonable dispute if the facts either (1) are generally known within the court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *see Dippin' Dots, Inc. v. Frosty Bites Distrib.*, 369 F.3d 1197, 1204–05 (11th Cir. 2004).

6. A court must take judicial notice of a fact if a party properly requests it and supplies the court with the necessary information. Fed. R. Evid. 201(c)(2). Attached as Exhibits 1 and 2 are the necessary information for this Court to take judicial notice of the Judgment and Opinion, respectively.

### C. Conclusion

For these reasons, plaintiffs KENNETH ARMSTRONG and GLORIA ARMSTRONG ask the Court to TAKE JUDICIAL NOTICE of the attached Ohio appellate court records (*i.e.,* Judgment Entry and Opinion) prior to adjudicating the pending motions for summary judgment.

### D. Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that I, counsel for the moving party, conferred with respondent's counsel in a good faith effort to resolve the issue raised by this motion. The parties did not agree to a resolution of all or part of the motion. The undersigned conferred with respondent's counsel by email exchange between June 14-19, 2023.

Dated: June 20, 2023.                    RESPECTFULLY SUBMITTED,

/s/JASON P. RAMOS
Fla. Bar No. 70388
**LAW OFFICES OF JASON P RAMOS PLLC**
306 N Rhodes Avenue, Suite 109
Sarasota, Florida 34237
Tel. (941) 876-5454
E-mail: jason@jason.law

*Attorney for the Armstrongs*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on June 20, 2023, I electronically filed the foregoing writing with the Clerk of the Court using CM/ECF. I also certify that the foregoing writing is being served this day on all counsel of record, including Rebecca Rodriguez, Esq., 100 S.E. 3rd Avenue, Suite 2700, Fort Lauderdale, Florida 33394 (Rebecca.rodriquez@nelsonmullins.com) via transmission of Notice of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive, electronically, Notices of Electronic Filing.

    /s/JASON P. RAMOS (Trial Counsel)
    Fla. Bar No. 70388