UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH ARMSTRONG, and
GLORIA D. ARMSTRONG,

    Plaintiffs,                                     **CASE NO. 8:21-CV-2648**

v.

U.S. BANK, N.A., *et al.*,

    Defendant.
_____/

**DEFENDANT U.S. BANK, NATIONAL ASSOCIATION'S
RESPONSE TO REQUEST FOR JUDICIAL NOTICE**

Defendant, U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE LOAN TRUST 2006-BC1, AND FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST 2006-3 ("U.S. Bank") responds to Plaintiffs' KENNETH ARMSTRONG and GLORIA ARMSTRONG (collectively, "Plaintiffs") Motion to Take Judicial Notice of Court Record [DE 58] as follows:

**INTRODUCTION**

On June 20, 2023, Plaintiffs filed their Motion to Take Judicial Notice of Court Record [DE 58]. Therein, Plaintiffs request this Court to take judicial notice of the following filings from that certain appellate case styled *Kenneth*

*Armstrong v. U.S. Bank, N.A.*, Case No. C2200384 pending in the First District Court of Appeal of Ohio: (1) Judgment Entry dated April 12, 2023; and (2) Opinion dated April 12, 2023 (the "Ohio Appellate Filings"). While U.S. Bank does not wholly oppose the relief requested, it does oppose the Court taking judicial notice of the factual findings contained therein for purposes of adjudicating the instant action under Florida law.

## ARGUMENT

Rule 201(b) of the Federal Rules of Evidence allows a court to take judicial notice of "a fact *that is not subject to reasonable dispute* because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis supplied). This includes "public records within its files relating to the particular case before it or other related cases." *Cash Inn of Dade, Inc. v. Metro. Dade Cnty.*, 938 F.2d 1239, 1243 (11th Cir. 1991). Additionally, the Court may take judicial notice of a document filed in another court, not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

Here, Plaintiffs requests this Court take judicial notice of the Ohio Appellate Filings to support their position that the "mortgage is no longer enforceable because of an Ohio State court Final Judgment rendered in the case

of *Armstrong v. U.S. Bank National Association,* Case No. A 1904882 (hereinafter, the "Judgment"). The Judgment concludes as a matter of law that the promissory note (which the mortgage secured) was no longer enforceable by dint of the expiration of the statute of limitations." *See* DE 58, at p. 1.

While U.S. Bank does not contest the existence or authenticity of the Ohio Appellate Filings it does disagree as to the import of same. U.S. Bank does not abandon its position that the opinion rendered by the Ohio Appellate Court is not dispositive of the mortgage lien's validity, quiet title issues pending before this Court, and this Court should not extend full faith and credit to the Ohio Default Judgment.[1] Accordingly, U.S. Bank does not oppose this Court taking judicial notice of the fact that Ohio Appellate Filings were entered, it opposes the request to the extent Plaintiffs seek to have the findings of fact therein judicially noticed, or applying same to the mortgage.

Dated this 6th day of July, 2023.

*[Signature block to follow on next page]*

---

[1] As previously argued, the Ohio Appellate Filings do not adjudicate the validity of the parties' Mortgage or 2013 Modification whatsoever. *See* DE 55. A longstanding exception to the Full Faith and Credit Clause applies here because the Ohio Default Judgment contradicts Florida statutes and settled Florida law regarding both Florida's statutes of limitations and repose, and the enforceability of mortgage liens.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
*Counsel for Defendant U.S. Bank, N.A.*
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, Florida 33394
P: 954-764-7060 | F: 954-761-8135

By:  */s/ Rebecca A. Rodriguez*
    **Rebecca A. Rodriguez, Esq.**
    Florida Bar No. 104805
    Rebecca.Rodriguez@nelsonmullins.com

## CERTIFICATE OF SERVICE

I CERTIFY that on July 6, 2023, a true and correct copy of the foregoing was served upon all counsel in the below listed service list in the manner set forth below.

By:  */s/ Rebecca A. Rodriguez*
    **Rebecca A. Rodriguez, Esq.**
    Florida Bar No. 104805
    Rebecca.Rodriguez@nelsonmullins.com

## SERVICE LIST

**JASON P. RAMOS, PLLC**
*Counsel for Plaintiffs Kenneth Armstrong & Gloria D. Armstrong*
E-Service:  Jason@Jason.law
**Via CM/ECF*