# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KENNETH ARMSTRONG and
GLORIA ARMSTRONG,

    Plaintiffs,

v.                                       Case No: 8:21-cv-2648-CEH-SPF

U.S. BANK NATIONAL
ASSOCIATION,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on the Plaintiffs' Motion to Take Judicial Notice of Court Record (Doc. 58), filed on June 20, 2023.  In the motion, Plaintiffs request the Court take judicial notice pursuant to Fed. R. of Evid. 201 of certified copies of the Opinion and Judgment Entry, dated April 12, 2023, in the First Appellate District Court of Ohio, Hamilton County, Ohio case styled *Armstrong v. U.S. Bank National Association*, Case No. C-220384. Defendant U.S. Bank National Association has filed a response stating it does not oppose the Court judicially noticing the fact of the filings but disagrees with the import of the filings or that such pleadings should be given full faith and credit. Doc. 59. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiffs' Motion to Take Judicial Notice of Court Record.

## DISCUSSION

Rule 201(b), Federal Rules of Evidence, allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes "public records within its files relating to the particular case before it or other related cases." *Cash Inn of Dade, Inc. v. Metro. Dade Cty.*, 938 F.2d 1239, 1243 (11th Cir. 1991). Additionally, the Court may take judicial notice of a document filed in another court, not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). Pursuant to Rule 201(c)(2), the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

In Plaintiffs' motion to take judicial notice, Plaintiffs request this Court take judicial notice of certified copies of recent appellate rulings in the Court of Appeals, First Appellate District Court of Ohio, Hamilton County, Ohio case of *Armstrong v. U.S. Bank National Association*, Case No. C-220384. Specifically, Plaintiffs request this Court take judicial notice of the Judgment Entry and Opinion dated April 12, 2023, which Plaintiffs attach to their motion. *See* Docs. 58-1, 58-2. The accuracy of the certified copies of the documents from the court record of the case of *Armstrong v. U.S. Bank National Association*, Case No. C-220384, are not in dispute and the accuracy of the documents can be readily ascertained. Defendant does not contest the existence or

authenticity of the filings, but it disagrees with Plaintiffs' position that the effect of the Ohio appellate opinion and judgment is to make the promissory note no longer enforceable.

Upon consideration, the motion is due to be granted. The Court will take judicial notice—not for the truth of the matters asserted in the litigation, but rather to establish the fact of such litigation and the filings therein—of the certified copies of the Judgment Entry (Doc. 58-1) and the Opinion (Doc. 58-2), dated April 12, 2023, and filed in Appeal Case No. C-220384, *Armstrong v. U.S. Bank National Association*. By this Order, the Court makes no finding as to the ultimate impact of the filings on the instant litigation. Accordingly, it is

   **ORDERED**:

   1.   Plaintiffs' Motion to Take Judicial Notice of Court Record (Doc. 58) is **GRANTED** as set forth herein.

   **DONE AND ORDERED** in Tampa, Florida on July 7, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any